1
2
3
4
5
6
7        **UNITED STATES DISTRICT COURT**
8        **SOUTHERN DISTRICT OF CALIFORNIA**
9
10   UNITED STATES OF AMERICA,
11                          Plaintiff,         CASE NO. 05cr1652
                                                        09cv1882
12       v.
                                               **ORDER**
13   MANUEL GAYTAN-SANCHEZ,
14                          Defendant.
15   HAYES, Judge:
16           The matter pending before the Court is the motion under 28 U.S.C. § 2255 to vacate,
17   set aside, or correct sentence filed by the Defendant Manuel Gaytan-Sanchez.  (Doc. # 70).
18                                        **FACTS**
19           On January 26, 2005, Defendant was deported from the United States to Mexico.
20           On September 21, 2005, the grand jury returned an indictment charging the Defendant
21   with a violation of 8 U.S.C. § 1326.  The indictment charged that the Defendant was found in
22   the United States on August 28, 2005 without having received consent to reapply for
23   admission.
24           On May 24, 2006, a jury found Defendant guilty of being a deported alien found in the
25   United States as charged in the indictment.
26           On September 18, 2006, the Court held a sentencing hearing.  Prior to the sentencing
27   hearing, the Presentence Report concluded that the advisory sentencing guideline range was
28   84 to 105 months based upon a total offense level of 22 and a Criminal History Category of

VI.   The Presentence Report concluded that a sixteen level enhancement pursuant to United States Sentencing Guidelines § 2L1.2(b)(1)(A) was warranted on the grounds that the Defendant unlawfully remained in the United States after a conviction for a felony that is a "crime of violence."   The Presentence Report noted that the Defendant was deported on November 6, 1995 after his release on the felony convictions in Case Nos. SF059915A and SF059998A for Residential Burglary in violation of California Penal Code § 459.   Counsel for the Defendant filed an objection to the conclusion in the Presentence Report that the Defendant was in a Criminal History Category VI.   At the sentencing hearing, Counsel for the Defendant asserted that the sentencing guideline range was "far too harsh for somebody in [Defendant's] situation." (Doc. # 63 at 5). Counsel for Defendant argued that the Defendant's drug problem merited a sentence of "48 months or in the range of 48 months."   *Id*. at 4.   The Court determined that there was a sixteen level increase pursuant to U.S.S.G. § 2L1.2 (b)(1)(A) based upon the two residential burglary convictions under section 459.   *Id.* at 8.   The Court found that the applicable advisory guideline range was 84 to 105 months and sentenced the Defendant to 95 months imprisonment, to be followed by a term of supervised release of three years.   (Doc. # 41).

On September 22, 2006, Defendant filed a Notice of Appeal from the Judgment to the Court of Appeals for the Ninth Circuit.

On May 27, 2008, the Court of Appeals affirmed the Judgment.   The Court of Appeals concluded that the Defendant had "waived any contentions regarding  his § 1326 conviction and sentence as he failed to address them in his opening brief." (Doc. # 69 at 3).   The Court of Appeals further affirmed the supervised release revocation procedures  applied in a separate case. *U.S. v. Gaytan-Sanchez*, Case No. 02-3060-GT.

**CONTENTIONS OF PARTIES**

Defendant moves the Court to vacate, set aside, or correct his sentence on the grounds that he was denied effective assistance of counsel.   Defendant asserts that his trial counsel failed to object to the application of the sixteen level enhancement pursuant to U.S.S.G. § 2L1.2 (b)(1)(A), failed to object to the testimony of a government witness, and failed to file

- 2 -

a motion for the extra point reduction under U.S.S.G. § 3E1.1(b).  Defendant further contends that appellate counsel failed to file an appeal based upon these same issues.  Plaintiff United States asserts that the Defendant was properly sentence under law applicable at the time of sentencing and that his counsel rendered reasonable professional assistance at trial and on appeal.

**ANALYSIS**

28 U.S.C. § 2255 provides:

> A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of facts and conclusions of law with respect thereto.  If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set aside the judgment and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(a) and (b).

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must show that representation of counsel fell below an objective standard of reasonableness, and that any deficiencies in counsel's performance were prejudicial.  *See Strickland v. Washington*, 466 U.S. 668, 690 (1984).  Both deficient performance and prejudice are required before it can be said that a conviction or sentence resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable and thus in violation of the Sixth Amendment.  *See United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005).

In order to show that counsel's representations fell below an objective standard of reasonableness, Defendant must identify "material, specific errors and omissions that fall outside the wide range of professionally competent assistance." *United States v. Molina*, 934

F.2d 1440, 1447 (9th Cir. 1991) (citation omitted).  The inquiry is "whether counsel's advice was within the range of competence demanded of attorneys in criminal cases."  *Turner v. Calderon*, 281 F.3d 851, 879 (9th Cir. 2002) (internal quotations omitted).  In making this determination, the court applies a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...."  *Strickland*, 466 U.S. at 689.  "The Sixth Amendment recognizes the right to assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results."  *Id.* at 685.  A deficient performance requires showing that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687.

Sixteen Level Enhancement

Defendant contends that his trial counsel rendered ineffective assistance of counsel because he failed to challenge the conclusion in the Presentence Report that his residential burglary convictions under section 459 constituted a "crime of violence" pursuant to U.S.S.G. § 2L1.2(b)(1)(A) based upon precedent in the Ninth Circuit.  Plaintiff United States asserts that the law and facts in the record establish conclusively that Defendant's residential burglary convictions under section 459 constituted a "crime of violence" pursuant to U.S.S.G. § 2L1.2(b)(1)(A) at the time of his sentencing.

Defense counsel did not object specifically to the application of the sixteen level enhancement but argued that a reasonable sentence in this case was 48 months.  At the time of the Defendant's sentencing in this case, the Court of Appeals had held that a conviction under section 459 did not satisfy the categorical analysis of a "crime of violence" under *Taylor v. United States,* 485 U.S. 575 (1990).  However, the Court of Appeals, on a number of occasions, applied the modified categorical approach to determine whether a defendant's conviction under section 459 for residential burglary triggered the sixteen level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A).  *See e.g. United States v. Rodriguez,* 393 F.3d 849, 853 (9th Cir. 2005) (factual allegations admitted at guilty plea met the definition of "burglary of a dwelling" under *Taylor* modified categorical approach); *United States v. Smith*, 390 F.3d 661, 664-665 (9th Cir. 2004) (record unequivocally established that defendant's conviction by plea

under Section 459 encompassed the three elements of the *Taylor* definition of generic burglary); and *United States v. Williams*, 47 F.3d 993, 995 (9th Cir. 1995) (defendant's prior conviction under section 459 qualified as a "crime of violence" under the alternative approach).

On January 20, 2009, the Court of Appeals for the Ninth Circuit in *United States v. Aguila-Montes de Oca*, 553 F.3d 1229 (9th Cir. 2009) held that a conviction for first degree residential burglary in violation of section 459 of the California Penal Code "does not require that an entry in the burglary context be 'unlawful or unprivileged'" and cannot "categorically constitute a conviction for the generic Guidelines offense of burglary of a dwelling." 553 F.3d at 1233-1234. The Court of Appeals further held that "we may not apply a modified categorical approach." *Id.*

"[R]easonableness of counsel's performance must be evaluated 'as of the time of counsel's conduct.'" *United States v. Alvarez-Tautimez,* 160 F.3d 573, 575 (9th Cir. 1998) quoting *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994). The record in this case shows that the Defendant admitted during his change of plea hearing for his two residential burglary charges in case numbers SF059915A and SF059998A that he entered into the residence of another without permission gaining entry by breaking the bedroom window. These admissions unequivocally establish that under the modified categorical approach, the Defendant's convictions by plea under Cal. Penal Code § 459 for residential burglary warranted the sixteen level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A). At the time of the Defendant's sentencing, the modified categorical approach was used to determine whether a defendant's conviction under section 459 for residential burglary triggered the sixteen level enhancement. Defendant has not demonstrated that his counsel's performance fell below the *Strickland* standard of "reasonable professional judgment," or that his counsel's decision not to file an objection to the application of the sixteen level enhancement was "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 460. *See Lowry v. Lewis*, 21 F.3d at 346 ("A lawyer's zeal on behalf of his client does not require him to file a motion which he knows to be meritless on the facts and the law.").

Testimony at trial

The record shows that the Government called a witness at trial to testify regarding a document containing statements made by the Defendant during a previous illegal entry conviction regarding his alienage and deportation.  The witness "referred to the document as a plea agreement, and...referred to the reference of Mr. Gaytan-Sanchez as a defendant" in violation of an order of the Court.  (Doc. # 73-7 at 4).  Subsequent to the testimony, the Court addressed Counsel for the Defendant in part as follows: "You never requested for the Court to strike the reference to the plea agreement, and I assume that that was simply because you didn't wish to draw any further attention to that.  And to have a tendency to strike that, that might have had a tendency to highlight it even more, so I'm assuming that was a tactical decision?"  Counsel for the Defendant responded: "Yes, sir."  *Id.*

In order to show that counsel's representations fell below an objective standard of reasonableness, Defendant must identify "material, specific errors and omissions that fall outside the wide range of professionally competent assistance."  *United States v. Molina*, 934 F.2d 1440, 1447 (9th Cir. 1991) (citation omitted).  "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...."  *Strickland*, 466 U.S. at 689.  The Court concludes that the strategic decision of Counsel for the Defendant not to further highlight the reference by the witness to the plea agreement falls within the wide range of professional assistance contemplated by *Strickland*.

Extra Point § 3E1.1

Defendant in this case exercised his constitutional right to a jury trial and was not entitled to the decrease of an additional one level for acceptance of responsibility  pursuant to U.S.S.G. § 3E1.1(b).  The Court concludes that failure of his counsel to request this decrease could not constitute ineffective assistance of counsel.

Appellate counsel

Defendant asserts that his appellate counsel failed to render effective assistance on the grounds that she did not appeal the same issues asserted as error by trial counsel.  The decision of the Court of Appeals in *Aguila-Monte de Oca* was filed on January 20, 2009, more that six

months after the mandate affirming the Judgment was filed in this case.  The Court concludes that appellate counsel cannot be found to be ineffective for failing to make legal arguments based upon a ruling which the Court of Appeals had not yet made.  Further, the Court finds that appellate counsel was not deficient for failing to appeal the strategic decision of trial counsel not to move to strike certain testimony in order to avoid highlighting the testimony.

## CONCLUSION

The Court has examined Petitioner's legal arguments in support of his motion to vacate or modify his sentence pursuant to 28 U.S.C. § 2255.  No factual record needs to be developed. Based upon the record, the Court concludes that there are no grounds upon which Defendant is entitled to prevail.

IT IS HEREBY ORDERED that the motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence filed by the Defendant Manuel Gaytan-Sanchez  (Doc. # 70) is denied.

DATED:  December 22, 2009

**WILLIAM Q. HAYES**
United States District Judge